**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 2 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UMB BANK & TRUST, NATIONAL
ASSOCIATION, as Trustee,

        Plaintiff-ctr-defendant
Appellee,

  v.

VAST MOUNTAIN DEVELOPMENT,
INC., a Nevada corporation,

        Defendant - Appellant,

and

SOLID GOLD, INC., a Wyoming
corporation, AMERICAN RESOURCES
CORPORATION, a Nevada
corporation, CLAYTON ROLLINS, JOHN
OWEN,

        Defendants,

HARVEST GOLD SILICA, INC., a
Wyoming corporation,

        Defendant-ctr-claimant -
Appellant,

No. 23-3911

D.C. No.
2:22-cv-01105-GMS

MEMORANDUM[*]

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

GREENWICH INVESTMENT
MANAGEMENT, INC., L. GEORGE
RIEGER,

         Third-pty-defendants.

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted May 15, 2025[**]
Phoenix, Arizona

Before: RAWLINSON, BUMATAY, and SANCHEZ, Circuit Judges.

Harvest Gold Silica, Inc. (HGS) and Vast Mountain Development, Inc.

(VMD) (collectively, Appellants) appeal the district court's order appointing a

receiver. Reviewing for abuse of discretion, we affirm. *See Canada Life Assur.*

*Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009), *as amended*.

**1.** When contemplating appointment of a receiver, a district court "may

consider a host of relevant factors, and [] no one factor is dispositive."[1] *Id.* at 845.

---

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] These factors include "(1) whether the party seeking the appointment has a
valid claim; (2) whether there is fraudulent conduct or the probability of fraudulent
conduct by the defendant; (3) whether the property is in imminent danger of being
lost, concealed, injured, diminished in value, or squandered; (4) whether legal
remedies are inadequate; (5) whether the harm to plaintiff by denial of the
appointment would outweigh injury to the party opposing appointment; (6) the

2                                                          23-3911

Here, multiple factors support the appointment of a receiver. *See id.* at 844. As the district court found, HGS breached the Loan Agreement by failing to make necessary principal and interest payments, to remain solvent, to satisfy the debt service coverage ratio, to report sufficient sales, and to comply with reporting requirements. Any of these breaches would constitute an Event of Default under the Loan Agreement, which would in turn trigger UMB's right to seek the appointment of a receiver.

The record supports the district court's finding that the harm resulting from failing to appoint a receiver would outweigh any potential injury to HGS caused by the appointment of a receiver. *See id.* Importantly, HGS failed to present evidence that its business prospects will improve sufficiently to enable it to meet its obligations. Thus, as the district court noted, continuation of the status quo would likely further diminish the value of the collateral. In any event, HGS expressly consented to the appointment of a receiver as a remedy for default.

**2.** The receivership order was not overbroad. *Cf. Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 941 F.2d 970, 974 (9th Cir. 1991) (noting in the injunction context that an order of relief is not overbroad if "tailored to remedy the specific

---

plaintiff's probable success in the action and the possibility of irreparable injury to plaintiff's interest in the property; and, (7) whether the plaintiff's interests sought to be protected will in fact be well-served by receivership." *Id.* at 844 (citations, alteration, and internal quotation marks omitted).

3

harm alleged") (citations omitted). The receivership order granted the Receiver authority to control and manage the Mortgaged Leasehold Property (MLP), which included all the real and personal property, as well as the various rents and profits stemming from the MLP. The receivership order closely tracks the clauses in the Leasehold Deed of Trust providing UMB with authority to control the MLP, and the provision of the Trust Indenture authorizing UMB to seek appointment of a Receiver. Thus, Appellants' arguments that the receivership order grants the Receiver authority beyond "that necessary to protect the [MLP]" are unavailing. *See id.*

**AFFIRMED.**[2][3]

---

[2] We do not address UMB's request for attorney's fees made in its Answering Brief. Any request for fees must be filed in accordance with Ninth Circuit Rule 39-1.6. *See Yamada v. Snipes*, 786 F.3d 1182, 1209 (9th Cir. 2015).

[3] Appellants' Motion to Stay Receivership Order Pending Appeal (Dkt. No. 9) is denied as moot.